# EXHIBIT A

· 12/14/2010 03:51 PM                                    Press & Associates    4083590800   1/1

RECEIVED
DEC 1 5 2010

CIGNA - Legal & Public Affairs
CIGNA Health Care Operations

**SUMMONS**
**Cross-Complaint**
*(CITACION JUDICIAL—CONTRADEMANDA)*

**SUM-110**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED

2010 DEC 14 P 4:04

Court Records ... Santa Clara Cost
By _____ R. Nelson

**NOTICE TO CROSS-DEFENDANT:**
*(AVISO AL CONTRA-DEMANDADO):*
CONNECTICUT GENERAL LIFE INSURANCE and ROES 1
through 15

**YOU ARE BEING SUED BY CROSS-COMPLAINANT:**
*(LO ESTÁ DEMANDANDO EL CONTRADEMANDANTE):*
DAN JOSEPH MASON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the cross-complainant. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se le entregue una copia al contrademandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> Santa Clara County Superior Court <br> 191 North First St. <br> San Jose, CA 95113 | SHORT NAME OF CASE: *(Nom Complaint) (Nombre de Caso:* <br><br> CASE NUMBER: *(Número del Caso):* <br> 110CV173433 |

The name, address, and telephone number of cross-complainant's attorney, or cross-complainant without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del contrademandante, o del contrademandante que no tiene abogado, es):*
Patricia A. Wendleton                                              (408) 369-0800
1901 South Bascom Avenue, Ste. 350
Campbell, CA 95008

| | | | |
|---|---|---|---|
| DATE: *(Fecha)* DEC 14 2010 | DAVID H. YAMASAKI <br> Chief Executive Officer/Clerk, by *(Secretario)* | R. Nelson | , Deputy *(Adjunto)* |
| | Clerk, by | | |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**COPY**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual cross-defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Connecticut General Life Insurance
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-110 [Rev. July 1, 2009]

**SUMMONS—CROSS-COMPLAINT**

Legal Solutions

Code of Civil Procedure, §§ 412.20, 428.60, 465
1071/259092598 12/14/2010 3:08:56 PM

12/16/2010  08:07   818-500-6365          CIGNA L&PA                              PAGE   03/38

12/16/2010 08:18 PM                                          Pratt & Associates   4083590800    4/17

1   Sharon Glenn Pratt (SBN 121947)
2   Patricia A. Wendleton (SBN 138311)
    PRATT & ASSOCIATES
3   The Pruneyard Tower I
    1901 S. Bascom Avenue, Suite 350
4   Campbell, CA 95008
    Telephone: (408) 369-0800
5   Facsimile:  (408) 369-0752

6   Attorneys for Defendant and
    Cross-Complainant
7   DAN JOSEPH MASON

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR AND IN THE COUNTY OF SANTA CLARA

11                         LIMITED JURISDICTION

12

13  NCO FINANCIAL SYSTEMS, INC.,          CASE NO.: 1-10-CV-173433

14           Cross-Complainant,
                                          CROSS-COMPLAINT FOR BREACH OF
15      v.                                CONTRACT, TORTIOUS BREACH OF
                                          INSURANCE CONTRACT – BAD
16  DAN JOSEPH MASON and ROES 1 through   FAITH, AND DECLARATORY
    15, inclusive,
17                                        BY FAX
             Defendant.
18

19  DAN JOSEPH MASON,

20           Cross-Complainant,

21      v.

22  CONNECTICUT GENERAL LIFE
    INSURANCE and ROES 1 through 15,
23

24           Cross-Defendant.

25

26  Cross-Complainant DAN JOSEPH MASON or "Cross-Complainant" alleges:

27                         GENERAL ALLEGATIONS

28      1.    Cross-Complainant DAN JOSEPH MASON is, and at all times mentioned in this

                                    -1-

DEFENDANT DAN JOSEPH MASON'S CROSS-COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS
BREACH OF INSURANCE CONTRACT – BAD FAITH, AND DECLARATORY RELIEF

1    cross-complaint was, a resident of Santa Clara County, California.

2        2.    Cross-Defendant, CONNECTICUT GENERAL LIFE INSURANCE, aka: CIGNA

3    (CIGNA) is, and at all times mentioned in the cross-complaint was, a duly authorized corporate

4    entity, organization, and/or association, the exact form of which is presently unknown, authorized

5    to transact and transacting business in California as a health care insurer. CIGNA is and at all times

6    mentioned in the cross-complaint was, through his employer TYCO Electronics Corporation

7    (TYCO) and/or Cobham Electronics (Cobham), Cross-Complainant's group health care insurer.

8    Cross-Complainant's CIGNA subscriber identification number was U08694190 01.    Cross-

9    complainant is informed and believes that TYCO's identification number was 3328566. (Attached

10   hereto as **Exhibit "A"** is a true and correct copy of Cross-Complainant's CIGNA card, which

11   provided evidence of Cross-complaint's insurance coverage.)

12       3.    Cross-Complainant does not know the true names of Cross-Defendants ROES 1

13   through 15, and therefore sues them by those fictitious names. Cross-Complainant is informed and

14   believes, and on the basis of that information and belief alleges, that each of those Cross-

15   Defendants was in some manner legally responsible for the events and happenings alleged in this

16   Cross-Complaint and for Cross-Complainant's damages. The names, capacities and relationships of

17   ROES 1 through 15 will be alleged by amendment to this Cross-Complaint when they are known.

18       5.    Cross-Complainant is informed and believes, and on that basis alleges, that at all

19   times mentioned in this Cross-Complaint, Cross-Defendants were the agents and employees of their

20   Co-Cross-Defendants, and in doing the things alleged in this Cross-Complaint were acting within

21   the course and scope of that agency and employment.

22       6.    On or about December 31, 2007, Cross-Complainant was rushed by ambulance

23   (American Medical Response) from his home in Campbell, California to Good Samaritan Hospital

24   (GOOD SAM) in San Jose, California for pain, including, but not limited to, chest pain.  Cross-

25   Complainant's emergency condition required his admission to GOOD SAM.  The life-saving

26   services rendered by GOOD SAM included the placement of a heart stint.  Cross-Complainant was

27   compelled to remain hospitalized from December 31, 2007 until January 2, 2008, when he was

28   discharged.

-2-

DEFENDANT DAN JOSEPH MASON'S CROSS-COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS
BREACH OF INSURANCE CONTRACT – BAD FAITH... H:\...12/14/2010 2:16:30 PM

Pratt & Associates
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-6900
FACSIMILE (408) 369-0752

7.     Prior to December 31, 2007, Cross-Complainant had concluded that, effective January 1, 2008, he would change his health insurance coverage from CIGNA to other health insurance coverage available through TYCO.   He selected Kaiser Foundation Health Plan, Inc./Kaiser Permanente (KAISER) as a replacement for CIGNA.   (Copy of Kaiser of membership/identification card, attached hereto as **Exhibit "B."**)

8.     On or about April 2, 2008, Cross-Complainant received a Statement from GOOD SAM reflecting that the cost of services for his treatment and hospital stay of December 31, 2007 thorough January 2, 2008 were $321,250.32.  GOOD SAM adjusted the charges for CIGNA, charging CIGNA $18,762.95 and leaving Cross-Complainant responsible for $1,735.47.  (A true and correct copy of April 2, 2008 GOOD SAM invoice, attached hereto as **Exhibit "C."**)

9.     Cross-Complainant was unable to pay in a lump sum the $1,735.47 balance he owed. He, therefore, contacted GOOD SAM and arranged to make payment in installments of $100.00, which Cross-Complainant made.

10.    Sometime after January 10, 2009, Cross-Complainant received an invoice from GOOD SAM indicating that Cross-Complainant was now responsible for paying $14,323.22, rather than the balance of $1,735.47, which he initially owed.  Upon receipt of the January 2009 invoice, Cross-Complainant contacted GOOD SAM and was advised that CIGNA had decided that it did not have a duty to pay the medical and hospital charges incurred by Cross-Complainant on January 1, 2008 and January 2, 2008, since Cross-Complainant's health insurance coverage with CIGNA had terminated on January 1, 2008.  Therefore, GOOD SAM refunded to CIGNA the $18,762.95 Cigna had paid GOOD SAM on February 28, 2008. (A true and correct copy of the GOOD SAM invoice dated April 2, 2008 is attached hereto as **Exhibit "D."**)

11.    Following receipt of the January 2009 statement from GOOD SAM, CIGNA advised Cross-Complainant that it did not have a duty to pay for the GOOD SAM charges of January 1, 2008 and January 2, 2008, since Cross-Complainant's coverage had terminated on January 1, 2008, but Cigna agreed to review the matter.  Cross-Complainant also contacted and provided GOOD SAM information concerning his KAISER health coverage.  Cross-Complainant was informed and believed that the CIGNA claims representative, KAISER, and GOOD SAM would determine

-3-

1   whether CIGNA OR KAISER had a duty to pay for the costs incurred for the medical treatment on

2   January 1, 2008 and January 2, 2008.

3       12.    Cross-Complainant was informed and believed that CIGNA and KAISER would

4   determine which of them had a duty to pay the costs incurred for the January 1, 2008 and January 2,

5   2008 medical treatment and hospitalization of Cross-Complainant and would honor obligations

6   under the contract and pay GOOD SAM for the January 1, 2008 and January 2, 2008.

7       13.    It was not until sometime after June 8, 2009 that Cross-Complainant received

8   correspondence from NCO Financial Systems (NCO) advising him that collection of the charges

9   had been assigned to NCO by GOOD SAM and that Cross-Complainant owed the collection

10  service $14,023.22. After receipt of the notice that GOOD SAM had assigned the $14,023.22 to

11  NCO for collection, Cross-Complainant contacted NCO on more than one occasion and attempted

12  to explain that he had been and was insured for the medical and hospitalization charges. The efforts

13  of Cross-Complainant to explain that he was insured for the charges were summarily dismissed and

14  ignored. Further, following the receipt of the NCO notice for collection, Cross-Complainant again

15  contacted GOOD SAM and again advised that he was insured for the charges either by Cigna or

16  Kaiser.  GOOD SAM advised Cross-Complainant that it would follow up with the insurers

17  regarding payment of the charges. Cross-Complainant believed that GOOD SAM had resolved the

18  matter until sometime around June 1, 2010 when he learned from NCO that it would be filing suit

19  for the charges owed by CIGNA. On June 1, 2010, NCO filed the instant action, pleading a cause

20  of action for common counts.

21      14.   CIGNA has a duty to indemnify Cross-Complainant for costs for hospital, medical, and

22  surgical treatment incurred on December 31, 2007, January 1, 2008 and January 2, 2008 at and/or

23  by GOOD SAM even though coverage was interrupted by discontinuance of the policy.  (Cal. Ins.

24  Code §10128.2.)  Although Defendant, CIGNA had and continues to have a duty to indemnify

25  Cross-Complainant, it has refused and continues to refuse to indemnify Cross-Complainant.

26                          **FIRST CAUSE OF ACTION**

27                             **(Breach of Contract)**

28      15.   Cross-Complainant incorporates by this reference paragraphs 1 through 14 of this

-4-

Pratt & Associates
THE PINNACLE TOWERS
1901 S. BASCOM AVENUE, SUITE 650
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0802

1   Cross-Complaint as though fully set forth.

2      16.   Cross-Complainant has performed each and every obligation, condition and

3   covenant required of it under the Policy. Cross-Complainant has demanded that CIGNA pay Cross-

4   Complainant, GOOD SAM, or NCO for costs for hospital, medical, and surgical treatment at and/or

5   by GOOD SAM incurred on December 31, 2007, January 1, 2008 and January 2, 2008.

6      17.   CIGNA has breached its contract by unreasonably delaying, refusing to pay, and

7   continuing to withhold the policy benefits now due and payable under the policy.

8      18.   CIGNA further breached its contract by not engaging in a proper investigation of

9   Cross-Complainant's right to indemnify for charges incurred on January 1, 2008 and January 2,

10   2008 and forcing Cross-Complainant to engage in this litigation to obtain its benefits.

11      19.   As a result of CIGNA's breach of the policy, Cross-Complainant has incurred

12   substantial damages, and attorney fees and costs as a result of efforts to secure benefits of the

13   policy, in an amount subject to proof.

14      20.   As a direct and proximate result of the actions of CIGNA, Cross-Complainant has

15   suffered, to date, general damages in an amount in excess of his deductible and co-pays and

16   incidental damages for breach of contract.

17      21.   As a direct and proximate result of the breach of contract and actions of GIGNA,

18   Cross-Complainant has incurred and continues to incur economic loss and has or will suffer

19   damage to his credit rating, which jeopardizes his "Special" security clearance granted through the

20   Defense Industrial Security Office (DISCO) and, consequentially, his job.

21      WHEREFORE, Cross-Complainant demands judgment as set forth below.

22                 **SECOND CAUSE OF ACTION**

23             (Tortious Breach of Insurance Contract-Bad Faith).

24      22.   Cross-Complainant incorporates by this reference paragraphs 1 through 21 of this

25   Cross-Complaint as though fully set forth.

26      23.   Implicit in the policy was a covenant by CIGNA that it would act in good faith and

27   deal fairly with Cross-Complainant and that it would do nothing to interfere with the rights of

28   Cross-Complainant to receive the benefits of the policy, including those deemed to be included by

Pratt & Associates
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-4200
FACSIMILE (408) 369-4202

1   California law.

2       24.    The policy was deemed and did include, among other things, a duty to provide a

3   reasonable extension of covered expenses for hospital, medical and/or surgical care and treatment

4   relating the condition existing at the time of discontinuance of the policy.

5       25.    Cross-Complainant has duly complied with all of the terms and conditions of the

6   policy on his part to be performed.  CIGNA has acted in bad faith by failing to act promptly and

7   diligently to fully review the hospital, medical and/or surgical treatment rendered to Cross-

8   Complainant and to investigate its duty to indemnify Cross-Complainant and resolve any disputes

9   with Cross-Complainant and/or GOOD SAM.  The refusals of CIGNA to act in good faith and to

10  honor the policy terms has caused Cross-Complainant extreme emotional distress and significant

11  damages, including, but not limited to, attorney's fees and costs.

12      26.    CIGNA's representations in its policy were false and fraudulent in that CIGNA never

13  intended to indemnify for the charges for hospital, medical and/or surgical treatment, but instead

14  had a fixed and firm policy of denying and contesting said claims.  At the time CIGNA entered into

15  the insurance contract with Cross-Complainant, CIGNA willfully concealed the above facts, all for

16  the purpose of defrauding and deceiving Cross-Complainant and inducing Cross-Complainant to

17  purchase the hospital, medical and surgical coverage thorough his employer's group insurance

18  policy.

19      27.    Cross-Complainant, at the time the representation was made, believed it to be true

20  and, in reliance on it, was induced to, and did, enter into the insurance contract with CIGNA; had

21  Cross-Complainant known the true facts, he would not have purchased the policy.

22      28.    At all relevant times mentioned herein, CIGNA knew that it was obligated to pay or

23  indemnify for the hospital, medical and surgical charges of GOOD SAM.

24      29.    Notwithstanding CIGNA's knowledge of its obligations to pay or indemnify for the

25  hospital, medical and surgical charges of GOOD SAM, it refused to either pay for the charges

26  and/or indemnify Cross-Complainant.

27      30.    CIGNA, in breach of its covenant of good faith and fair dealing, intentionally,

28  maliciously, and oppressively refused and failed to pay or indemnify Cross-Complainant for the

-6-

DEFENDANT DAN JOSEPH MASON'S CROSS-COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS
BREACH OF INSURANCE CONTRACT — DAN JOSEPH MASON 12/14/2010 3:44:56 PM

12/16/2010  08:07   818-500-6365           CIGNA L&PA                          PAGE  09/38

12/14/2010 03:17 PM                              Pratt & Associates    4083690800    10/17

1   hospital, medical and surgical charges of GOOD SAM

2        31.    As a direct and proximate result of CIGNA's wrongful conduct alleged herein,

3   Cross-Complainant has been sued for the charges incurred at GOOD SAM and as a result thereof

4   has incurred and continues to incur attorney fees and cost to defend against NCO's, assignee of

5   GOOD SAM, complaint. Further, as a result of CIGNA's wrongful conduct, Cross-Complainant's

6   credit rating has or will be damaged, which jeopardizes his "Special" security clearance granted

7   through the DISCO and, consequentially, his job. Cross-Complainant also incurred, and continues

8   to incur, attorney's fees and costs to obtain coverage under the policy. Attorney's fees incurred by

9   Cross-Complainant to recover policy benefits are recoverable as part of Cross-Complainant's

10  damages herein. (See Brandt v. Sup. Ct. (Standard Ins. Co.) (1985) 37(3d813, 817.)

11       32.    The aforementioned CIGNA policy contained an implied covenant of good faith and

12  fair dealing.  CIGNA has tortiously and in bad faith breached the implied covenant of good faith

13  and fair dealing in the policy by engaging in at least the following unreasonable and wrongful acts

14  of 1) failing to properly investigate and/or confirm its duty and obligation to pay for the hospital,

15  medical and surgical charges incurred by Cross-Complainant at GOOD SAM on January 1, 2008

16  and January 2, 2008 and 2) refusing to pay or indemnify Cross-Complainant for said charges.  In

17  committing the acts described in this Complaint, CIGNA has put its interests above those of Cross-

18  Complainant and acted with the intent to harm Cross-Complainant in conscious disregard of the

19  rights of Cross-Complainant and was guilty of malice, fraud, and/or oppression in that CIGNA

20  intentionally failed to investigate its duty to pay January 1, 2008 and January 2, 2008 charges

21  incurred at GOOD SAM by Cross-Complainant and denied the claims of Cross-Complainant

22  knowing full well that it had no legitimate basis for failing to investigate or confirm its duty to pay

23  or indemnify Cross-Complainant and denying the claims.  CIGNA's conduct warrants an

24  assessment of punitive damages in an amount appropriate to punish CIGNA and deter it and others

25  from engaging in similar wrongful conduct.

26  ///

27  ///

28  ///

-7-

DEFENDANT DAN JOSEPH MASON'S CROSS-COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS
BREACH OF INSURANCE CONTRACT  DAMAGES

1    WHEREFORE, Cross-Complainant demands judgment as set forth below.

2    ## THIRD CAUSE OF ACTION

3    ### (Declaratory Relief)

4    33.    Paragraphs 1 through 32 of this Cross-Complaint are incorporated by reference in

5    their entirety as though fully set forth herein.

6    34.    An actual controversy exists between Cross-Complainant and Defendants

7    concerning their respective rights and duties under the under the policy. Upon information and

8    belief, Cross-Complainant alleges that Defendants deny their obligation to indemnify Cross-

9    Complainant concerning the matters set forth in Cross-Complainant's Complaint. Accordingly, a

10   declaration from the Court regarding Defendants' liability and obligation to Cross-Complainant is

11   necessary to avoid multiple suit and actions.

12   WHEREFORE, Cross-Complainant demands judgment as set forth below.

13   1.    For general damages of $150,000.00;

14   2.    For special damages according to proof;

15   3.    For punitive damages against CIGNA;

16   4.    In the event that judgment is entered in favor of Cross-Complainant herein and

17   against Defendants, that a judgment be entered in the same amount in favor of Cross-Complainant

18   and against Defendants, and each of them;

19   5.    A judicial determination that Defendants were and are legally obligated to pay the

20   damages sustained by Cross-Complainant as a result of CIGNA's refusal to pay for hospital,

21   medical, and surgical treatment of Cross-Complainant.

22   6.    For costs of suit incurred herein including reasonable attorney's fees as provided by

23   statute, contract, and as determined by the court; and

24   7.    For any other and further relief as the court may deem proper.

25   ///

26   ///

27   ///

28   ///

-8-

Pratt & Associates
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 204
CAMPBELL, CA 95008
TELEPHONE (408) 369-0300
FACSIMILE (408) 369-0752

12/14/2010 03:17 PM                                    Pratt & Associates   4083590800   12/17

1    Dated: December ___, 2010          PRATT & ASSOCIATES

2

3                                       By _____

4                                          PATRICIA A. WENDLETON
                                           Attorneys for Defendant and
5                                          Cross-Complainant
                                           DAN JOSEPH MASON
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-
DEFENDANT DAN JOSEPH MASON'S CROSS-COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS
BREACH OF INSURANCE CONTRACT

12/14/2010 03:17 PM                                          Pratt & Associates    4083880800   13/17

1   **CASE NAME: NCO Financial Systems, Inc. v. Mason**
    **Case Number: 1-10-CV-173433**
2

3                            **PROOF OF SERVICE**

4           I am a citizen of the United States.  My business address is The PruneYard Tower I, 1901
    South Bascom Avenue, Ste. 350, Campbell, CA 95008.  I am employed in the county of Santa
5   Clara where this service occurs.  I am over the age of 18 years and not a party to the within cause.

6           On December 14, 2010, I served the following document described as:  **CROSS-
    COMPLAINT FOR BREACH OF CONTRACT, TORTIOUS BREACH OF INSURANCE
7   CONTRACT – BAD FAITH, AND DECLARATORY**

8    ☒   **BY MAIL:** I am readily familiar with my employer's normal business practice
         of collection and processing of correspondence for mailing. Under that practice,
9        correspondence is deposited with the U.S. Postal Service that same day in a
         sealed envelope(s) with postage thereon fully prepaid at Campbell, California, in
10       the ordinary course of business.

11   ☐   **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile
         number (408) 369-0752 to the facsimile number(s) set forth below, or as stated on
12       the attached service list, on this date before 5:00 p.m.  A statement that this
         document was successfully transmitted without error is hereby attached to the
13       Proof of Service.

14   ☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand
         this date to the offices of the addressee(s).

15   ☐   **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on
         the same day to an authorized courier or driver or to a regular box or other facility
16       regularly maintained by **FEDERAL EXPRESS** with delivery fees provided for,
         addressed to the person(s) on whom it is to be served,
17

18   on the interested party(ies) in this action addressed as follows:

19   | Rodney W. Simmons | Attorneys for Plaintiff |
     | 10824 Olson Dr. | NCO Financial Systems, Inc. |
20   | No. C126 | |
     | Rancho Cordova, CA 95670 | |
21

22   ☒   **STATE:** I declare under penalty of perjury under the laws of the State of
         California that the above is true and correct.
23
     Executed on December 14, 2010 at Campbell, California.
24

25                                          _Reina Trazo_

26

27

28

                                      -1-

*Pratt & Associates*
*THE PRUNEYARD TOWER I*
*1901 R BASCOM AVENUE, SUITE 350*
*CAMPBELL, CA 95008*
*TELEPHONE (408) 369-0800*
*FACSIMILE (408) 369-0752*

12/14/2010 02:17 PM                        Pratt & Associates   4083890800   14/17



You may be asked to present this card when you receive care. The card does not guarantee coverage. You must comply with all terms and conditions of the plan. Wilful misuse of this card is considered fraud.

INPATIENT ADMISSION:
Your provider must call Healthalation (not a CIGNA program) at the toll-free number below to pre-certify the above services. In an emergency, seek care immediately, then call Healthalation within 48 hours to certify your admission. Refer to your plan documents for your pre-certification requirements. Failure to follow requirements may affect benefits.

Healthalation: 1-877-692-6369
For Mental Health/Substance Abuse (MH/SA) services and admission, call CIGNA Behavioral Health

Send Claims to:

P.O. Box 182223, Chattanooga, TN 37422-1223

**CIGNA Customer Service: 1-800-633-6965   MH/SA 1-800-633-6965**

We encourage you to use a PCP as a valuable resource and personal health advocate.

EXHIBIT A

107M339955611.tif – 12/14/2010 2:41:39 PM

'12/14/2010 03:17 PM                              Pratt & Associates   4083950800   15/17



NCQQQ (X/XX)      KAISER FOUNDATION HEALTH PLAN, INC.

If you think you have a medical or psychiatric emergency, call
911 or go to the nearest hospital. If you receive emergency
care in a non-Plan hospital, please call us at 1-800-225-8883
as soon as your condition is stabilized so that a Kaiser
Permanente physician can discuss your medical information to
discuss your care with the treating physician. Your call to obtain
authorization for post-stabilization care may also help protect
you from financial responsibility.

This card is for identification only. Possession of this card confers no right to services or benefits
unless the holder is a member complying with all provisions of an applicable agreement.

EXHIBIT B

107M339955811.tif – 12/14/2010 2:41:39 PM

12/16/2010   08:07   818-500-6365          CIGNA L&PA                    PAGE   15/38

12/14/2010 03:17 PM                                    Pratt & Associates   4083090000   16/17

# SUMMARY OF ACCOUNT

**GOOD SAMARITAN HOSPITAL**
PO BOX 402192
ATLANTA, GA 30384-2192

**STATEMENT DATE** 04/02/08

**PATIENT NAME** MASON DAN JOSEPH

THE INSURANCE CLAIMS OUTSTANDING REPRESENTS OUR ESTIMATE OF INSURANCE LIABILITY BASED ON OUR BEST INFORMATION

| DATE | DESCRIPTION | UNITS | AMOUNT |
|------|-------------|-------|--------|
| 01/02/08 | INPATIENT SERVICES | | |
| | DRUGS INCIDENT RADIOLOGY | 1 | 1,091.00 |
| | IV THERAPY | 1 | 92.00 |
| | SUPPLY/IMPLANTS | 4 | 37,163.00 |
| | LAB/CHEMISTRY | 26 | 9,171.00 |
| | DX X-RAY/CHEST | 1 | 58.00 |
| | CARDIOLOGY | 3 | 4,366.00 |
| | DRUGS REQUIRING DET CODE | 12 | 2,540.00 |
| | PT CONVENIENCE/OTHER | 1 | .00 |
| 02/28/08 | CIGNA EPA PMT | | -18,762.55 |
| 02/29/08 | CONTRACTUAL ADJ | | 110,343.90 |
| 03/24/08 | CIGNA EP CONTR | | 107,462.90 |

| DATE | DESCRIPTION | UNITS | AMOUNT |
|------|-------------|-------|--------|
| | PHARMACY | 12 | 1,275.66 |
| | DRUG/OTHER | 26 | 846.66 |
| | STERILE SUPPLIES | 5 | 20,197.00 |
| | LABORATORY | 6 | 369.00 |
| | LAB/HEMATOLOGY | 1 | 1,811.00 |
| | EMERG ROOM | 1 | 2,896.00 |
| | CARDIAC CATH LAB | 6 | 12,384.00 |
| | EKG/ECG | 3 | 1,392.00 |
| | ROOM CHARGES | | 5,967.00 |
| 01/02/08 | TOTAL CHARGES | | 192,250.32 |
| 02/28/08 | CONTRACTUAL ADJ | | 110,343.90- |
| 03/24/08 | CONTRACTUAL ADJ | | 107,462.90- |
| | CIGNA EP CONTR | | 111,751.90- |
| | TOTAL ADJUSTMENTS | | 111,751.90- |
| | ACCOUNT BALANCE | | 1,735.47 |
| | DUE FROM PATIENT | | 1,735.47 |

01/07/08   CIGNA OPEN ACCESS BILLED

TO VIEW/PAY YOUR ACCT VIA WEB: WWW.goodsamsanjose.com/bill.asp
IF YOU HAVE QUESTIONS REGARDING YOUR ACCOUNT, PLEASE CALL: 800-367-7631

THANK YOU FOR USING OUR FACILITY.
PLEASE CONTACT OUR OFFICE IF YOU NEED A COMPLETE ITEMIZED STATEMENT.

THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS

**EXHIBIT C**

10TM339965811,IN - 12/14/2010 2:41:59 PM

12/14/2010 00:17 PM                                                           Pratt & Associates   4083890000   17/17

# SUMMARY OF ACCOUNT

**GOOD SAMARITAN HOSPITAL**
PO BOX 402102
ATLANTA, GA 30384-2102

**STATEMENT DATE** 01/10/09

| ACCOUNT NUMBER |
|---|
| 342130037 |

**PATIENT NAME**
MASON DAN JOSEPH

THE INSURANCE CLAIMS OUTSTANDING REPRESENTS OUR ESTIMATE OF INSURANCE LIABILITY BASED ON OUR BEST INFORMATION

| STATEMENT PERIOD | NEW ACCOUNT ADJUSTMENTS | INSURANCE CLAIMS OUTSTANDING | AMOUNT DUE |
|---|---|---|---|
| 01/24/08 TO 01/10/09 | | 0.00 | $14,323.22 |

| | INSURANCE PAYMENTS | UNITS | AMOUNT | | NEW ACCOUNT ADJUSTMENTS | INSURANCE CLAIMS OUTSTANDING |
|---|---|---|---|---|---|---|
| | 0.00 | 750.00 | 13423.22† | | 0.00 | 0.00 |

| DATE | DESCRIPTION | UNITS | AMOUNT |
|---|---|---|---|
| 01/03/08 | INPATIENT SERVICES | | 1,650.00 |
| 04/25/03 | LB CASH/CHECK PYMT | | 100.00- |
| 07/18/08 | LB CASH/CHECK PYMT | | 100.00- |
| 12/08/08 | LB CASH/CHECK PYMT | | 100.00- |
| 02/26/09 | CIGNA IP CONTR | | 58,383.69- |

09/17/08   UNINSURED DISCOUNT PLAN  BILLED

| DATE | DESCRIPTION/ | UNITS | AMOUNT |
|---|---|---|---|
| 05/28/08 | BALANCE LAST STATEMENT | | 1,650.00 |
| 07/18/08 | LB CASH/CHECK PYMT | | 100.00- |
| 10/14/08 | LB CASH/CHECK PYMT | | 100.00- |
| | TOTAL PAYMENTS | | 750.00- |
| | CIGNA IP CONTR | | 711,754.90 |
| | TOTAL ADJUSTMENTS | | 13,423.22 |
| | ACCOUNT BALANCE | | 14,323.22 |
| 03/24/08 | DUE FROM PATIENT | | 14,323.22 |

*(handwritten:)* LAUREL
# 130038.93
1-900-464-4000

JAN FEB
UNDERPAYMENT ON 4-8-09  $100
(0145535 CODE) JUN 600 JULY 5000
BAL 5/8 700

*(handwritten:)* (FEB 9 2009)
1-800-330-5950

*(handwritten:)* $100 NO/DE  PYMT 300  2-9-09  REC 5/8  80  APRIL (MENO)

TO VIEW/PAY YOUR ACCT VIA WEB: WWW.goodsamsanjose.com/bill.asp
IF YOU HAVE QUESTIONS REGARDING YOUR ACCOUNT, PLEASE CALL: 800-307-7651

THANK YOU FOR USING OUR FACILITY.
PLEASE CONTACT OUR OFFICE IF YOU NEED A COMPLETE  ITEMIZED STATEMENT.
THIS BILL IS FOR HOSPITAL SERVICES ONLY
PLEASE RETAIN THIS PORTION FOR YOUR RECORDS

**EXHIBIT D**

# EXHIBIT  B

12/16/2010   08:07   818-500-6365          CIGNA L&PA                          PAGE   17/38
  12/14/2010 03:11 PM                                  Pratt & Associates   4083680800   2/8

1   Sharon Glenn Pratt (SBN 121947)
2   Patricia A. Wendleton (SBN 138311)
    PRATT & ASSOCIATES
3   The Pruneyard Tower I
    1901 S. Bascom Avenue, Suite 350
4   Campbell, CA  95008
    Telephone: (408) 369-0800
5   Facsimile: (408) 369-0752

6   Attorneys for Defendant
    DAN JOSEPH MASON
7

8

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR AND IN THE COUNTY OF SANTA CLARA

11                          LIMITED JURISDICTION.

12  NCO FINANCIAL SYSTEMS, INC.,        CASE NO.: 1-10-CV-173433

13                Plaintiff,

14        v.                            DEFENDANT DAN JOSEPH MASON'S
                                        ANSWER TO COMPLAINT
15  DAN JOSEPH MASON and DOES 1 through 3,
    inclusive,
16
                                        BY FAX
17                Defendant.

18        COMES NOW Defendant, DAN JOSEPH MASON (hereinafter referred to as

19  "Defendant"), and answers the verified Complaint of Plaintiff NCO FINANCIAL SYSTEMS, INC.

20  (hereinafter referred to as "Plaintiff") on file, as follows:

21        1.      Defendant has no information or belief sufficient to enable him to answer the

22  allegations of paragraphs 3(a)(1) and 9 of the Complaint herein, and placing his denial on that

23  ground, denies each and every allegation thereof.

24        2.      Defendant denies the allegations of paragraphs 10 (a), (c), and (d).

25        3.      Defendant admits the allegations of paragraph 7 (c) that this court is the proper court

26  because Defendant lives in Campbell, CA, Santa Clara County, now.

27              FIRST CAUSE OF ACTION—COMMON COUNTS

28        4.      Defendant denies the allegations of paragraphs CC-1, CC-1 (a)(1), CC-1 (a)(2), CC-

                                        -1-
    DEFENDANT DAN JOSEPH MASON'S ANSWER...

1 | 1 (b)(2), CC-2, and CC-3.

2 |     5.    Defendant denies each and every allegation of the Complaint not expressly admitted

3 | herein.

#### AFFIRMATIVE DEFENSES

5 |     1.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

6 | Defendant alleges that the complaint, and each alleged cause of action therein, fails to state facts

7 | sufficient to constitute a cause of action as to this answering Defendant.

8 |     2.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

9 | Defendant alleges that the causes of action stated in the complaint herein are barred by any and all

10 | statute of limitations, particularly, but not limited to those commencing at section 335 of the

11 | California Code of Civil Procedure and continuing through section 349.4, more particularly, but not

12 | limited to section 335.1, 339, and section 340 of the Code of Civil Procedure of the State of

13 | California.

14 |     3.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

15 | Defendant is informed and believed and thereupon alleges that Plaintiff assignor, by the exercise of

16 | reasonable effort and/or care, could have mitigated the damages alleged to have been suffered, but

17 | Plaintiff assignor failed, neglected and refused to exercise reasonable effort to mitigate the

18 | damages, if any.

19 |     4.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

20 | Defendant alleges that Plaintiff has failed to sue the proper and necessary parties.

21 |     5.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

22 | Defendant alleges that Plaintiff assignor acquiesced in matters related to the claims in the

23 | Complaint, and Plaintiff is thereby estopped from asserting and/or maintaining its claims alleged in

24 | the Complaint.

25 |     6.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

26 | Defendant alleges that each cause of action alleged against Defendant is barred by a failure and/or

27 | lack of consideration, and Plaintiff cannot state a cause of action hereunder.

28 |     7.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

-2-

DEFENDANT DAN JOSEPH MARTINS ANSWER...

Pratt & Associates
THE STUDIO WILD TOWER I
1001 S. BASCOM AVENUE, SUITE 220
SAN JOSE, CALIFORNIA
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0811

1   Defendant alleges that prior to the commencement of this action, this answering Defendant duly

2   performed, satisfied and discharged all duties and obligations he may have owed to Plaintiff

3   assignor arising out of any and all agreements, representations or contracts made by or on behalf of

4   this answering Defendant, and this action is therefore barred by the provisions of *California Civil*

5   *Code Sections 1473 through 1477.*

6          8.     FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

7   Defendant alleges that pursuant to contract, Plaintiff assignor failed to meet its duty of good faith

8   and fair dealing.

9          9.     FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

10  Defendant alleges that each cause of action is barred and no cause of action is stated because of

11  mutual and/or unilateral mistake of the Defendant and Plaintiff's assignor in entering into the

12  agreement, if any, described in the Complaint.

13         10.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

14  Defendant allege that Plaintiff lacks standing to assert the allegations of his Complaint.

15         11.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

16  Defendant alleges that the Complaint, and each purported cause of action contained therein, was

17  brought without reasonable care and without a good faith belief that there was a justifiable

18  controversy under the facts and the law which warranted the filing of said Complaint against this

19  answering Defendant; and that Plaintiff is therefore responsible for all necessary and reasonable

20  defense costs, including attorneys' fees incurred by the Plaintiff, as more particularly set forth in

21  *California Code of Civ. Proc. Section 128.5.*

22         12.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

23  Defendant alleges that Plaintiff assignor acted with full knowledge of all the facts and

24  circumstances surrounding its alleged damages, and thus assumed the risk of its damages, if any

25  there are.

26         13.    FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

27  Defendant alleges that the Complaint, and each cause of action thereof, is barred by the principles

28  of accord and satisfaction.

-3-

DEFENDANT DAN JOSEPH MASON'S ANSWER

14.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges that Plaintiff's recovery under the complaint, and each cause of action thereof, is barred in that the account, if any, upon which the Complaint is based is void/or voidable because of illegality, fraud and misrepresentation.

15.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant is informed and believes and upon such information alleges that Plaintiff's recovery under the Complaint, and each cause of action thereof, is barred by the applicable Statute of Frauds including, but not limited to, *California Civil Code section 1624.*

16.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges that Plaintiff's recovery under the Complaint, and each cause of action thereof, is barred because of the mutual mistake and/or unilateral mistake of Defendant, known by Plaintiff assignor, in entering into the account, if any, described in the Complaint.

17.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges that each and every cause of action in the complaint is barred by the doctrine of laches.

18.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges each and every cause of action in the complaint is barred by the doctrine of estoppel.

19.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges each and every cause of action in the complaint is barred by the doctrine of waiver.

20.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges each and every cause of action in the complaint is barred by the doctrine of unclean hands.

21.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering Defendant alleges that at the times and places mentioned in the complaint, Plaintiff assignor did commit willful misconduct in and about the matters and things alleged in the complaint, which said willful misconduct proximately caused and contributed to whatever injury and/or damage Plaintiff

-4-

1   may have sustained, if any.

2       22.   FOR A FURTHER, SEPARATE AND DISTINCT DEFENSE, this answering

3   Defendant alleges that Plaintiff's Complaint is subject to a set-off in such amounts as can be proven at

4   trial as a result of a claim for damages of Defendant against Plaintiff assignor and Plaintiff in an

5   amount equal to or greater than the amount of damages set forth within Plaintiff's Complaint.

6       WHEREFORE, these answering Defendant prays:

7       1.    That Plaintiff be granted no relief;

8       2.    For costs incurred; and

9       3.    For such other and further relief as the court may deem proper.

10

11  Dated: December 14, 2010

12

13

14  By _____
        Patricia A. Wendleton
15      Attorneys for Defendant
        DAN JOSEPH MASON
16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

12/14/2010 03:12 PM                                    Pratt & Associates   4083830800    7/8

## VERIFICATION

I, DAN JOSEPH MASON, declare:

I am a party in this action and authorized to make this verification for that reason.

I have read **DEFENDANT DAN JOSEPH MASON'S ANSWER TO COMPLAINT** and know the contents thereof.  The same are true of my own knowledge, except as to those matters which are therein stated on information or belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __30__ day of November 2010, in __CAMPBELL__, California.


DAN JOSEPH MASON

**Pratt & Associates**
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 355
CAMPBELL, CA 95008
TELEPHONE (408) 369-8900
FACSIMILE (408) 369-0752

1  **CASE NAME: NCO Financial Systems, Inc. v. Mason**
   Case Number: 1-10-CV-173433
2
3                              **PROOF OF SERVICE**

4       I am a citizen of the United States.  My business address is The PruneYard Tower I, 1901
   South Bascom Avenue, Ste. 350, Campbell, CA 95008.  I am employed in the county of Santa
5  Clara where this service occurs.  I am over the age of 18 years and not a party to the within cause.

6       On December 14, 2010, I served the following document described as:  **DEFENDANT**
   **DAN JOSEPH MASON'S ANSWER TO COMPLAINT**
7

8  ☒  **BY MAIL:** I am readily familiar with my employer's normal business practice
       of collection and processing of correspondence for mailing.  Under that practice,
9      correspondence is deposited with the U.S. Postal Service that same day in a
       sealed envelope(s) with postage thereon fully prepaid at Campbell, California, in
10     the ordinary course of business.

11 ☐  **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile
       number (408) 369-0752 to the facsimile number(s) set forth below, or as stated on
12     the attached service list, on this date before 5:00 p.m.  A statement that this
       document was successfully transmitted without error is hereby attached to the
13     Proof of Service.

   ☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand
14     this date to the offices of the addressee(s).

15 ☐  **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on
       the same day to an authorized courier or driver or to a regular box or other facility
16     regularly maintained by FEDERAL EXPRESS with delivery fees provided for,
       addressed to the person(s) on whom it is to be served.

17
18 on the interested party(ies) in this action addressed as follows:

| Rodney W. Simmons | Attorneys for Plaintiff |
| 10824 Olson Dr. | NCO Financial Systems, Inc. |
| No. C126 | |
| Rancho Cordova, CA 95670 | |

21 ☒  **STATE:** I declare under penalty of perjury under the laws of the State of
       California that the above is true and correct.
22
23  Executed on December 14, 2010 at Campbell, California.
24
25                                    _Reina Trazo_
                                      Reina Trazo
26
27
28

                              -1-

Pratt & Associates
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0752

12/14/2010 03:25 PM                                    Pratt & Associates   4083990800   2/32

1   Sharon Glenn Pratt (SBN 121947)
2   Patricia A. Wendleton (SBN 138311)
    PRATT & ASSOCIATES
3   The Pruneyard Tower I
    1901 S. Bascom Avenue, Suite 350
4   Campbell, CA 95008
    Telephone: (408) 369-0800
5   Facsimile: (408) 369-0752

6   Attorneys for Defendant
    DAN JOSEPH MASON
7

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     FOR AND IN THE COUNTY OF SANTA CLARA

11                                 LIMITED JURISDICTION

12   NCO FINANCIAL SYSTEMS, INC.,            CASE NO.: 1-10-CV-173433
                                             LIMITED CIVIL CASE
13                  Plaintiff,
                                             NOTICE OF MOTION TO
14          v.                               RECLASSSIFY ACTION FROM
                                             LIMITED TO UNLIMITED CIVIL CASE
15   DAN JOSEPH MASON and DOES 1 through 3,
     inclusive,                              Hearing Date:  January 18, 2010
16                                           Time:  9:00 A.M.
                    Defendant.               Dept No.: 1
17                                           Hearing Judge:  Honorable James Kleinberg
                                             Date Action Filed:  June 1, 2010
18

19                                                    BY FAX

20          TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

21          YOU ARE HEREBY NOTIFIED THAT on January 18, 2010 at 9:00 A.M. on

22   Department 1 of the Court located at 191 North First Street, San Jose, California 95113, Defendant

23   and Cross-Complainant DAN JOSEPH MASON will move the Court for an order reclassifying this

24   action from a limited civil case to an unlimited civil case. This motion is made on the ground that

25   the Defendant's Cross-Complaint arises out of the same transaction and the duties and obligations

26   alleged of Defendant are to be indemnified by Cross-Defendants. Cross-Defendants have breached

27   their contractual duty to indemnify and cross-complainant's damages exceed the amount

28   recoverable in a limited civil case. This motion will be based upon this notice, the attached

     NOTICE OF MOTION TO RECLASSSIFY ACTION FROM LIMITED TO UNLIMITED CIVIL CASE

                              107M2269000036.IF - 12/14/2010 2:56:43 PM

12/16/2010  08:07    818-500-6365              CIGNA L&PA                              PAGE  25/38

12/14/2010 03:26 PM                                              Pratt & Associates    4083690800    3/21

1    memorandum in support and declaration, and the records and files in this action.

2    Date:  December /4/, 2010                    PRATT & ASSOCIATES

3

4                                        By: _____

5                                             Patricia A. Wendleton

6                                             Attorneys for Defendant
                                              DAN JOSEPH MASON
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
NOTICE OF MOTION TO RECLASSSIFY ACTION FROM LIMITED TO UNLIMITED CIVIL CASE

107M330960006.UI - 12/14/2010 2:46:43 PM

Sharon Glenn Pratt (SBN 121947)
Patricia A. Wendleton (SBN 138311)
PRATT & ASSOCIATES
The Pruneyard Tower I
1901 S. Bascom Avenue, Suite 350
Campbell, CA 95008
Telephone: (408) 369-0800
Facsimile: (408) 369-0752

Attorneys for Defendant
DAN JOSEPH MASON

ENDORSED
FILED

2010 DEC 14  P 4 04

R. Nelson

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR AND IN THE COUNTY OF SANTA CLARA

### LIMITED JURISDICTION

| | |
|---|---|
| NCO FINANCIAL SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAN JOSEPH MASON and DOES 1 through 3, inclusive, <br><br> Defendant. | CASE NO.: 1-10-CV-173433 <br><br> LIMITED CIVIL CASE <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO RECLASSSIFY CASE** <br><br> Hearing Date: January 18, 2010 <br> Time: 9:00 A.M. <br> Dept. No.: 1 <br> Hearing Judge: Honorable James Kleinberg <br> Date Action Filed: June 1, 2010 <br><br> **BY FAX** |

### FACTUAL BACKGROUND

On or about December 31, 2007, Defendant/Cross-Complainant DAN JOSEPH MASON, was rushed by ambulance from his home in Campbell, California to GOOD SAMaritan Hospital (GOOD SAM) in San Jose, California for, among other pain, chest pains. Defendant/Cross-Complainant's emergency condition required his admission to GOOD SAM and surgery for the placement of a heart stint. Defendant/Cross-Complainant's surgery and condition required he remain hospitalized from December 31, 2007 until January 2, 2008, when he was discharged.

On December 31, 2007, Cross-Defendant, CONNECTICUT GENERAL LIFE

-1-

MEMORANDUM IN SUPPORT OF MOTION TO RECLASSSIFY CASE

107M338980066.8f - 12/14/2010 2:48:43 PM

12/14/2010 03:25 PM                              Pratt & Associates   4083800800   6/21

1    INSURANCE, aka:  CIGNA (CIGNA) was Defendant/Cross-Complainant's health care insurer.

2    CIGNA was Defendant/Cross-Complainant's health care insurer through his employer TYCO

3    Electronics Corporation (TYCO) and/or Cobham Electronics. Attached as Exhibit "A" to the cross-

4    complaint filed in this action is a true and correct copy of DEFENDANT/CROSS-

5    COMPLAINANT's CIGNA card, which provided evidence of his insurance coverage.

6       Prior to December 31, 2007, Defendant/Cross-Complainant had concluded that, effective

7    January 1, 2008, he would change his health insurance from CIGNA to other health insurance

8    coverage available through TYCO.  He selected Kaiser Foundation Health Plan, Inc./Kaiser

9    Permanente (KAISER) as a replacement for CIGNA.  Attached as Exhibit "B" to the cross-

10   complaint filed in this action is a true and correct copy of Defendant/Cross-Complainant's KAISER

11   membership/identification card, which provided evidence of his insurance coverage after December

12   31, 2007.

13       On or about April 2, 2008, Defendant/Cross-Complainant received a Statement from GOOD

14   SAM reflecting that the cost of services for his treatment and hospital stay of December 31, 2007

15   thorough January 2, 2008 were $321,250.32. GOOD SAM adjusted the charges for GIGNA so that

16   GIGNA owed $18,762,95, leaving Plaintiff responsible for $1,735.47. Attached as Exhibit "C" to

17   the cross-complaint filed in this action is a true and correct copy of the April 2, 2008 GOOD SAM

18   invoice. Defendant/Cross-Complainant was unable to pay in a lump sum the $1,735.47 balance he

19   owed.  He, therefore, contacted GOOD SAM and arranged to make payment in installments of

20   $100.00, which he made.

21       Sometime after January 10, 2009, Defendant/Cross-Complainant received an invoice from

22   GOOD SAM indicating that he was now responsible for paying $14,323.22, rather than the balance

23   of $1,735.47 which he initially owed.  Upon receipt of the January 2009 invoice, he contacted

24   GOOD SAM and was advised that CIGNA had decided that it would not pay the medical and

25   hospital charges he had incurred on January 1, 2008 and January 2, 2008, since his health insurance

26   coverage with CIGNA had terminated on January 1, 2008.  At the request of GIGNA, GOOD SAM

27   refunded to CIGNA the $18,762,95 CIGNA had paid GOOD SAM on February 28, 2008. Attached

28

Pratt & Associates
THE HEWLETT PACKARD TOWER
1901 S. BASCOM AVENUE, SUITE 700
CAMPBELL, CA. 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0762

12/14/2010 03:25 PM                          Pratt & Associates   4083690800   7/21

1    as Exhibit "D" to the cross-complaint filed in this action is a true and correct copy of the April 2,

2    2008 GOOD SAM invoice.

3        Following receipt of the invoice from GOOD SAM showing that he owed $14, 323.22,

4    Defendant/Cross-Complainant also contacted CIGNA, which advised that it did not have a duty to

5    pay for the GOOD SAM charges of on January 1, 2008 and January 2, 2008, since his coverage had

6    terminated on January 1, 2008.  CIGNA, however, agreed to review the matter.  Defendant/Cross-

7    Complainant also contacted and provided GOOD SAM information concerning his KAISER health

8    coverage.  He was informed and believed that the CIGNA claims representative, KAISER, and

9    GOOD SAM would determine whether CIGNA OR KAISER had a duty to pay for the costs

10   incurred for the medical treatment and hospitalization on January 1, 2008 and January 2, 2008.

11       It was not until sometime after June 8, 2009 that Defendant/Cross-Complainant received

12   correspondence from NCO Financial Systems (NCO) advising him that collection of the charges

13   had been assigned to NCO by GOOD SAM and that he owed the collection service $14,023.22.

14   Following receipt of the notice that GOOD SAM had assigned the $14,023.22 to NCO for

15   collection, on more than one occasion, Defendant/Cross-Complainant contacted NCO and

16   attempted to explain that he had been and was insured for the medical and hospitalization charges.

17   However, his efforts to explain that he was insured for the charges were summarily dismissed and

18   ignored.  Further, following the receipt of the NCO notice for collection, Defendant/Cross-

19   Complainant again contacted GOOD SAM and again advised that he was insured for the charges

20   either by CIGNA or KAISER.  GOOD SAM again advised him that it would follow up with the

21   insurers regarding payment of the charges.  Since GOOD SAM agreed to follow up with the insurer

22   and resolve the matter, Defendant/Cross-Defendant believed that GOOD SAM had, in fact,

23   resolved the matter.  However, sometime around June 1, 2010, he learned from NCO that it would

24   be filing suit for the charges owed by CIGNA.  On June 1, 2010, NCO filed the instant action,

25   pleading a cause of action for common counts, as a limited civil case.

26       Pursuant to Insurance Code section 10128.2, CIGNA had and continues to have a duty to

27   indemnify Defendant/Cross-Complainant for costs for hospital, medical, and surgical treatment

28

-3-

MEMORANDUM IN SUPPORT OF MOTION TO RECLASSSIFY CASE

107M3369000388.HT - 12/14/2010 2:48:43 PM

1  incurred on December 31, 2007, January 1, 2008 and January 2, 2008 at and/or by GOOD SAM

2  even though coverage was interrupted by discontinuance of the policy.  Although CIGNA had and

3  continues to have a duty to indemnify Defendant/Cross-Complainant for the January 1, 2008 and

4  January 2, 2008, it has refused and continues to refuse to indemnify him.  Therefore, to avoid a

5  multiplicity of suits, Defendant/Cross-Complainant has filed a cross-complaint naming CIGNA,

6  which initially paid his January 1, 2008 and January 2, 2008 medical and hospital charges, but later

7  demanded return of the payment.

8                              LEGAL ARGUMENT

9        1.  The Cross-Complaint Is Permissible

10        A defendant can cross-complain against a third party, not yet a party to the action, if the

11  cause of action asserted "(1) arises out of the same transaction, occurrence, or series of transactions

12  or occurrences . . . ." (CCP §428.10(b).)  In the instant case, the complaint of NCO is for payment

13  of charges for medical treatment and hospitalization.  Pursuant to Insurance Code section

14  10128.2(d), CIGNA was and is contractually and statutorily obligated to indemnify

15  Defendant/Cross-Complainant for the charges which NCO seeks payment.

16        Insurance Code section 10128.2(d) provides:

17        "Every policy providing hospital, medical, or surgical benefits on an expense-
       incurred or service basis shall be deemed to include a reasonable extension of such
18       benefits upon discontinuance of the policy if it provides benefits for covered
       expenses directly relating to the condition causing total disability existing at the time
19       premium payments for the employee or dependent cease and incurred during a
       period of not less than 12 months thereafter, which period shall not be interrupted by
20       discontinuance of the policy."

21  See also Miller v. Northwestern National Life Ins. Co. (1990 9th Cir.) 915 F.2d, 1391, interpreting

22  section 101282(d), and concluding that the carrier in force at the time of the disabling insured

23  condition continues to provide coverage for that condition even after discontinuance of the policy.

24        Defendant/Cross-Complainant was totally disabled by his heart condition, treatment thereof

25  and consequential hospitalization when the CIGNA coverage terminated.  The CIGNA policy

26  clearly provided coverage for the condition causing the disability since it indemnified for the

27  charges of December 31, 2007.  It also had and continues to have a duty to indemnify for the

28

                              -4-

Pratt & Associates
THE PRATT & POWER
16801 E. BASCOM AVENUE, SUITE 350
CAMPBELL CA 95008
TELEPHONE (408) 369-8600
FACSIMILE (408) 369-8702

12/14/2010 03:25 PM                          Pratt & Associates   6083690300   9/21

1   charges incurred on January 1 and January 2, 2008. It has failed to do so. The cross-complaint is,

2   therefore, permissible.

3       **2.  Reclassifying The Action To An Unlimited Civil Case Is Proper.**

4       As a result of CIGNA's refusal and continuing refusal to indemnify Defendant/Cross-

5   Complainant for the medical and hospital charges incurred on January 1 and January 2, 2008, he

6   has been sued by NCO for sum of $15,253.22.  DEFENDANT/CROSS-COMPLAINANT does not

7   have the money or a source from which to get the money to pay the sums demanded in the

8   complaint of NCO. He has been compelled to retain counsel to defend the suit filed by NCO and to

9   file suit to compel CIGNA to pay the charges he incurred for treatment on January 1 and January 2,

10   2008.  He will, therefore, incur more than $25,000.00 in monetary damages as a result of CIGNA's

11   breach of its contractual and statutory duties.

12       Further, he has and continues to experience extreme emotional distress because it is not

13   possible for him to pay the sums demanded by GOOD SAM and/or NCO and suit has been filed to

14   collect the charges for his medical treatment and hospitalization.  In addition to the emotional

15   distress he has and continues to experience, CIGNA'S refusal to pay the charges for medical

16   treatment and hospitalization, coupled with Defendant/Cross-Complainant's inability to pay them,

17   has or will cause Defendant/Cross-Complainant's credit rating to suffer damage, which jeopardizes

18   his "Special" security clearance granted through the Defense Industrial Security Office (DISCO)

19   and, consequentially, his job.

20       Although Defendant/Cross-Complainant's claim for damages from CIGNA, including the

21   claim for bad faith breach of the insurance contract, clearly has merit, in deciding whether to

22   reclassify the case, the Court does not make a determination on the merits.  The Court assumes the

23   existence of the facts supporting the complaint, *Walker v. Superior Court* (1991) 53 Cal.3d 257,

24   269.

25       Defendant/Cross-Complainant's recovery of special damages, in excess of the $15,253.22

26   now demanded by NCO, of general damages, including attorney fees and costs, and for damage to

27   his credit rating, which jeopardizes his "Special" security clearance granted through the Defense

28

Pratt & Associates
THE PRUNEYARD TOWER I
1901 S. BASCOM AVENUE, SUITE 350
CAMPBELL, CA 95008
TELEPHONE (408) 369-0800
FACSIMILE (408) 369-0700

-5-

107M339960035.llf - 12/14/2010 2:48:43 PM

1  Industrial Security Office (DISCO) and, consequently, his job can be expected to exceed the

2  amount he can recover in a limited civil case.  Further, CIGNA's bad faith breach of the insurance

3  contract entitles him to punitive damages, which will further exceed the amount recoverable in a

4  limited civil case.  Clearly there is "possibility" that the damages Defendant/Cross-Complainant

5  will recover from CIGNA will be greater than the jurisdictional limit of $25,000.  Therefore, it is

6  proper to reclassify this case to an unlimited civil case.  *Ytuarte v. Superior Court* (2005) 129

7  Cal.App.4th 266, 279.

**CONCLUSION**

9      Pursuant to Code of Civil Procedure section 396, DEFENDANT/CROSS-COMPLAINANT

10  respectfully requests the Court reclassify this case as unlimited jurisdiction civil case.

11  Date: December 14, 2010                    PRATT & ASSOCIATES

By: _____
Patricia A. Wendleton
Attorneys for Defendant
DAN JOSEPH MASON

28

MEMORANDUM IN SUPPORT OF MOTION TO RECLASSIFY CASE

197M338850086.1F – 12/14/2010 2:48:43 PM

12/16/2010  08:07   818-500-6365          CIGNA L&PA                    PAGE  32/38

12/14/2010 03:26 PM                                    Pratt & Associates  4082690800   12/21

1  Sharon Glenn Pratt (SBN 121947)
2  Patricia A. Wendleton (SBN 138311)
   PRATT & ASSOCIATES
3  The Pruneyard Tower I
   1901 S. Bascom Avenue, Suite 350
4  Campbell, CA 95008
   Telephone: (408) 369-0800
5  Facsimile: (408) 369-0752

6  Attorneys for Defendant
   DAN JOSEPH MASON
7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR AND IN THE COUNTY OF SANTA CLARA

11                        LIMITED JURISDICTION

12  NCO FINANCIAL SYSTEMS, INC.,          CASE NO.: 1-10-CV-173433

13              Plaintiff,                 LIMITED CIVIL CASE

14       v.                               DECLARATION OF PATRICIA A.
                                          WENDLETON IN SUPPORT OF
15  DAN JOSEPH MASON and DOES 1 through 3, MOTION TO RECLASSSIFY
    inclusive,
16                                        Hearing Date:  January 18, 2010
                Defendant.                Time:  9:00 A.M.
17                                        Dept. No.: 1
                                          Hearing Judge:  Honorable James Kleinberg
18                                        Date Action Filed: June 1, 2010

19                                        BY FAX
20

21       I, Patricia A. Wendleton, declare:

22       1.  I am an attorney for Defendant and Cross-Complainant, DAN MASON in this Action.  I

23  am informed and believe that each fact stated in this declaration is true and correct.

24       2.  On or about December 31, 2007, Defendant/Cross-Complainant was rushed to Good

25  Samaritan Hospital (GOOD SAM) in San Jose, California for chest pains.  His condition required

26  admission to GOOD SAM and surgery for the placement of a heart stint.  He remained hospitalized

27  from December 31, 2007 until January 2, 2008, when he was discharged.  On December 31, 2007,

28

                                    -1-
    DECLARATION OF PATRICIA A. WENDLETON IN SUPPORT OF MOTION TO RECLASSSIFY

12/14/2010 03:25 PM                                    Pratt & Associates   8003690800   13/21

1   Cross-Defendant, CONNECTICUT GENERAL LIFE INSURANCE, aka: CIGNA (CIGNA) was

2   Defendant and Cross-Complainant's health care insurer through his employer TYCO Electronics

3   Corporation (TYCO).  His health insurance coverage was scheduled to be changed to Kaiser

4   Foundation Health Plan, Inc./Kaiser Permanante (KAISER ) effective January 1, 2008.  The

5   charges incurred for Defendant/Cross-Complainant's medical treatment and hospitalization at

6   GOOD SAM were $321,250.32.  However, GOOD SAM'S adjusted charges to CIGNA were

7   $18,762.95, leaving Defendant/Cross-Complainant owing $1,735.47.  Sometime later, CIGNA

8   decided that it would not provide coverage for the treatment and hospitalization of January 1st and

9   2nd of 2008.  It, therefore, requested and GOOD SAM return the payment for that time period to

10  CIGNA.   In early 2009, Defendant/Cross-Complainant discovered that he was left owing

11  $14,323.22, rather than the $1,735.47 which he initially owed.  He has attempted and has been

12  advised that GOOD SAM attempted to get either CIGNA or KAISER to pay for the treatment and

13  hospitalization of January 1st and 2nd of 2008.  Since both CIGNA and KAISER refuse to pay the

14  GOOD SAM charges, GOOD SAM assigned the charges of $14,323.22 to NCO Financial Systems

15  (NCO) for collection.  NCO has not attempted to collect the charges from CIGNA or KAISER and

16  filed a limited civil case on June 1, 2010, pleading a cause of action for common counts.

17       3.     As a result of CIGNA's refusal to indemnify Defendant/ Cross-Complainant, DAN

18  MASON, I have filed a cross-complaint on his behalf naming CIGNA.  Since the damages and

19  recovery of Defendant/Cross-Complainant are expected to exceed the jurisdictional limits of the

20  limited civil court, I have filed on his behalf this Motion to Reclassify this Limited Civil Case to an

21  Unlimited Civil Case.

22       4.     I have advised counsel for NCO, Rodney Wilbur Simmons, of this Motion to

23  Reclassify this Limited Civil Case to an Unlimited Civil case, and he has advised that he does not

24  oppose reclassifying the case to an Unlimited Civil Case and will not be opposing this motion.

25  ///

26  ///

27  ///

28

-2-
DECLARATION OF PATRICIA A. WENDLETON IN SUPPORT OF MOTION TO RECLASSSIFY

107U0399960086.13 - 12/14/2010 2:48:13 PM

12/16/2010  08:07    818-500-6365              CIGNA L&PA                        PAGE  34/38

12/14/2010 03:28 PM                                    Pratt & Associates    4082800000   15/21

1     I declare under penalty of perjury under the laws of the State of California, on information

2  and belief, that the foregoing is true and correct.

3

4  Date: December /4, 2010

   Patricia A. Wendleton
5  PRATT & ASSOCIATES
   Attorneys for Defendant
6  DAN JOSEPH MASON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



-3-
DECLARATION OF PATRICIA A. WENDLETON IN SUPPORT OF MOTION TO RECLASSSIFY

107M339960006.tif - 12/14/2010 2:48:43 PM

12/16/2010  08:07    818-500-6365           CIGNA L&PA                    PAGE  35/38

12/14/2010 05:26 PM                          Pratt & Associates   4083690800   17/21

1  Sharon Glenn Pratt (SBN 121947)
2  Patricia A. Wendleton (SBN 138311)
   PRATT & ASSOCIATES
3  The Pruneyard Tower I
   1901 S. Bascom Avenue, Suite 350
4  Campbell, CA 95008
   Telephone: (408) 369-0800
5  Facsimile: (408) 369-0752

6  Attorneys for Defendant
   DAN JOSEPH MASON
7

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR AND IN THE COUNTY OF SANTA CLARA

11                          LIMITED JURISDICTION

12  NCO FINANCIAL SYSTEMS, INC.,          CASE NO.: 1-10-CV-173433

13             Plaintiff,                 LIMITED CIVIL CASE

14        v.                              [PROPOSED] ORDER GRANTING
                                          MOTION TO RECLASSIFY ACTION
15  DAN JOSEPH MASON and DOES 1 through 3, LIMITED CIVIL CASE TO UNLIMITED
    inclusive,                            CIVIL CASE
16
               Defendant.                 Hearing Date: January 18, 2010
17                                        Time: 9:00 A.M.
                                          Dept. No.: 1
18                                        Hearing Judge: Honorable James Kleinberg
                                          Date Action Filed: June 1, 2010
19

20                                        BY FAX

21

22        The motion of Defendant/Cross-Complainant, Dan Joseph Mason for an order to reclassify

23  this case from a limited to an unlimited civil case came on for hearing in Department 1 of this

24  Court on January 18, 2010.  Patricia A. Wendleton appeared on behalf of defendant/Cross-

25  Complainant.  Rodney W. Simmons appeared on behalf of Plaintiff.

26        Having read the motion, the memorandum and the declarations filed by the parties, and

27  having heard oral argument of counsel, this Court finds that Defendant/Cross-Complainant in this

28                                        -1-
    [PROPOSED] ORDER GRANTING MOTION TO RECLASSIFY ACTION LIMITED CIVIL CASE TO
    UNLIMITED CIVIL CASE

                                          107M330980080.01 - 12/14/2010 2:46:43 PM

1   action can possibly recover damages exceeding $25,000.00 on his cross-complaint.

2           **THEREFORE, IT IS ORDERED THAT** this action be reclassified as a unlimited civil

3   case.

4

5   Date:

6                                                   Judge of the Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] ORDER GRANTING MOTION TO RECLASSSIFY ACTION LIMITED CIVIL CASE TO
UNLIMITED CIVIL CASE

107M33590055.0T - 12/14/2010 2:45:43 PM

1  Sharon Glenn Pratt (SBN 121947)
2  Patricia A. Wendleton (SBN 138311)
   PRATT & ASSOCIATES
3  The Pruneyard Tower I
   1901 S. Bascom Avenue, Suite 350
4  Campbell, CA 95008
   Telephone: (408) 369-0800
5  Facsimile: (408) 369-0752

6  Attorneys for Defendant
7  DAN JOSEPH MASON

ENDORSED
FILED

205 DEC 14 P 4:05

R. Nelson

8
9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR AND IN THE COUNTY OF SANTA CLARA

11                       LIMITED JURISDICTION

12  NCO FINANCIAL SYSTEMS, INC.,           CASE NO.: 1-10-CV-173433

13              Plaintiff,                 LIMITED CIVIL CASE

14        v.                              PROOF OF SERVICE RE MOTION TO
                                          RECLASSSIFY ACTION FROM
15  DAN JOSEPH MASON and DOES 1 through 3, LIMITED TO UNLIMITED CIVIL CASE
    inclusive,
16                                        Hearing Date:  January 18, 2010
              Defendant.                  Time:  9:00 A.M.
17                                        Dept. No.: 1
                                          Hearing Judge:  Honorable James Kleinberg
18                                        Date Action Filed:  June 1, 2010

19
20                                              BY FAX
21
22
23
24
25
26
27
28
                                    -1-
                            PROOF OF SERVICE

**CASE NAME:** NCO Financial Systems, Inc. v. Mason
**Case Number:** 1-10-CV-173433

## PROOF OF SERVICE

I am a citizen of the United States. My business address is The PruneYard Tower I, 1901 South Bascom Avenue, Ste. 350, Campbell, CA 95008. I am employed in the county of Santa Clara where this service occurs. I am over the age of 18 years and not a party to the within cause.

On December 14, 2010, I served the following document described as:

- **NOTICE OF MOTION TO RECLASSSIFY ACTION FROM LIMITED TO UNLIMITED CIVIL CASE;**
- **MEMORANDUM IN SUPPORT OF MOTION TO RECLASSSIFY CASE;**
- **DECLARATION OF PATRICIA A. WENDLETON IN SUPPORT OF MOTION TO RECLASSSIFY; and**
- **[PROPOSED] ORDER GRANTING MOTION TO RECLASSSIFY ACTION LIMITED CIVIL CASE TO UNLIMITED CIVIL CASE**

☒ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in a sealed envelope(s) with postage thereon fully prepaid at Campbell, California, in the ordinary course of business.

☐ **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile number (408) 369-0752 to the facsimile number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m. A statement that this document was successfully transmitted without error is hereby attached to the Proof of Service.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by FEDERAL EXPRESS with delivery fees provided for, addressed to the person(s) on whom it is to be served.

on the interested party(ies) in this action addressed as follows:

| | |
|---|---|
| Rodney W. Simmons<br>10824 Olson Dr.<br>No. C126<br>Rancho Cordova, CA 95670 | Attorneys for Plaintiff<br>NCO Financial Systems, Inc. |

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 14, 2010 at Campbell, California.

_Reina Trazo_

-1-